In the Matter of the Claim of FLORENCE HORN, Respondent, against PALS & SOLOW et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award of the Workmen's Compensation Board in favor of the claimant. The claimant, a female thirty-three years of age, was employed as an office worker by the employer and this business was located at 71 Nassau Street, New York City. The board found that while she was engaged in the regular course of her employment and while working for her employer on a very cold and stormy day, it was necessary for her to work where there was insufficient heat and where the office was extremely cold, which caused claimant to suffer sudden chills as a result of which she was totally disabled for a period of time. The testimony showed that the radiator in the room in which claimant was employed was broken. The medical testimony established that there is causal relation between the accident which occurred in the office where claimant was employed due to the cold and the activation of rheumatic heart disease. The medical testimony also shows that the conditions which obtained in the office where claimant was employed were the cause of the sudden chilling of claimant and the later development of respiratory symptoms and concomitant rheumatic activity. The evidence sustains the finding of the board. The case upon which appellants rely, *Matter of Schwalenstocker* v. *Department of Taxation and Finance* (293 N. Y. 861), is distinguishable and is not controlling here. In that case the claimant, a traveling auditor and tax examiner, suffered coronary attacks which caused him to become disabled. He attempted to establish that his heart condition had been caused by a cold which he claimed he had contracted while working in a cold room preparing tax returns. There was no evidence in that case that it was unusual or out of the ordinary for claimant to work under those conditions; on the contrary, the proof indicates that he was expected to work under those conditions. It is also significant that in dismissing the claim the Court of Appeals referred to the fact that there

was no evidence of causal relation between claimant's exposure and his disability, and that there was no proof of the occurrence of an accidental injury. The present record establishes that claimant's exposure was unusual, extraordinary and catastrophic, in addition to which there is ample evidence in this case to support causal relation. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan, Brewster and Foster, JJ., concur; Deyo, J., dissents and votes to reverse and dismiss the claim on the authority of *Matter of Schwalenstocker* v. *Department of Taxation and Finance* (293 N. Y. 861).